| UNITED STATES DISTRICT COURT | SOUTHER DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

| | |
|---|---|
| DAVID GANZ, Individually and On Behalf of All Others Similarly Situated, § § § *Plaintiff(s)*, § § v. § § NOVA HEALTHCARE, P.A, U.S. § OCCMED TEXAS, PLLC § § § *Defendant(s)*. § | No. _____ |

## PLAINTIFF DAVID GANZ'S ORIGINAL COMPLAINT

Plaintiff David Ganz (referred to as "Ganz") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants Nova Healthcare, P.A. (referred to as "Nova") and U.S. Occmed Texas, PLLC (referred to as "Occmed") (collectively referred to as "Defendants") who worked as a Physical Therapist Assistant during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Ganz's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Nova and Occmed violated the FLSA by employing Ganz and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Nova and Occmed willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Ganz brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Nova and Occmed who worked as a Physical Therapist Assistant during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.      Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Ganz's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III. Parties

9.      Ganz is an individual who resides in Harris County, Texas and who was employed by Nova and Occmed during the last three years.

10.     Nova Healthcare is a Texas professional association that may be served with process by serving its registered agent:

> Shelton Frey
> 2425 Fountain View Dr. Ste 160
> Houston, Texas 77057

Alternatively, if the registered agent of Nova cannot with reasonable diligence be found at the company's registered office, Nova may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     U.S. Occmed Texas, PLLC is a Texas professional limited liability company that may be served with process by serving its registered agent:

> Shelton Frey
> 2425 Fountain View Dr. Ste 160
> Houston, Texas 77057

Alternatively, if the registered agent of Nova cannot with reasonable diligence be found at the company's registered office, Nova may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

12. An allegation that Nova and/or Occmed committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Nova or was done in the normal course and scope of employment of Nova's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

13. Nova and Occmed are a health care service company. See generally, Nova Healthcare P.A , https://n-o-v-a.com/ (last visited Jan. 27, 2022).

14. Nova and Occmed do business in the territorial jurisdiction of this Court.

15. Nova and Occmed employed Ganz from approximately November 2001 to November 2021.

16. Nova and Occmed employed Ganz as a Physical Therapist Assistant.

17. As a Physical Therapist Assistant, Ganz was responsible for providing physical therapy services to patients.

18. During Ganz's employment with Nova and Occmed, he was engaged in commerce or in the productions of goods for commerce.

19. During Ganz's employment with Nova and Occmed, the company had employees engaged in commerce or in the production of goods for commerce.

20. During Ganz's employment with Nova and Occmed, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

21. During Ganz's employment with Nova and Occmed, the company had an annual gross volume of sales made or business done of at least $500,000.

22. Nova and Occmed paid Ganz on an hourly basis.

23. Nova and Occmed paid Ganz on a biweekly basis by direct deposit.

24. During Ganz's employment with Nova and Occmed, his regular rate fell below the statutory minimum wage because, among other things, Defendants did not pay them for all hours worked. 29 U.S.C. § 206(a)(1).

25. For example, Nova and Occmed failed to pay Ganz for travel time to and from facilities during the workday.

26. Additionally, each morning beginning at either 8:30 a.m. or 8:45 a.m., depending on the day, Nova and Occmed required Ganz and other employees to attend mandatory meetings but were not allowed to clock in until 9:00 a.m.

27. Moreover, during Ganz's employment with Nova and Occmed, they regularly worked in excess of forty hours per week.

28. Nova and Occmed knew or should have known that Ganz's worked in excess of forty hours per week.

29. Nova and Occmed did not pay Plaintiffs the entirety of all the hours including the hours in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30. Ganz was not exempt from the maximum hour requirements of the FLSA.

31. As a Physical Therapist Assistant, Ganz's primary duties were nonexempt.

32. As a Physical Therapist Assistant, Ganz's primary duties did not include office or nonmanual work.

33. As a Physical Therapist Assistant, Ganz's primary duties were not directly related to the management or general business operations of Nova and Occmed or its customers.

34. As a Physical Therapist Assistant, Ganz's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

35. As a Physical Therapist Assistant, Ganz did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

36. As a Physical Therapist Assistant, Ganz was, instead, required to follow Nova and Occmed's policies, practices and procedures.

37. As a Physical Therapist Assistant, Ganz did not have any independent authority to deviate from Nova and Occmed's policies, practices and procedures.

38. Nova and Occmed knew or should have known that Ganz was not exempt from the maximum hour requirements of the FLSA.

39. Nova and Occmed willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

40. During Ganz's employment with Nova and Occmed, the company did not maintain accurate time and pay records for Ganz as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

41. During Ganz's employment with Nova and Occmed, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

42. Nova and Occmed continued the pay practice(s) complained of by Ganz without investigation after being put on notice that the pay practice(s) violated the FLSA.

43. Nova and Occmed has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

44. Prior to this lawsuit, Nova and Occmed conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Ganz.

45. Because Nova and Occmed willfully violated the FLSA, the company is liable to Ganz for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

46. As a result of the FLSA violation(s) described above, Nova and Occmed are liable to Ganz for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

47. All Physical Therapist Assistants employed by Nova and Occmed during the last three years are similarly situated to Ganz because they (1) have similar job duties; (2) were not compensated for all of the hours that they work; (3) their regular rates routinely fell below the statutory minimum wage; (4) regularly worked or work in excess of forty hours per week; (5) were not paid the entirety of their hours including overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

## V. Count One—
### Failure To Pay the Minimum Wage in Violation of 29 U.S.C. § 206(a)

48. Ganz adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

49. During Ganz's employment with Nova and Occmed, they were nonexempt employees.

50. As nonexempt employees, Nova and Occmed were legally obligated to pay Ganze at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

51. Nova and Occmed did not pay Ganz the statutory minimum wage as required by 29 U.S.C. § 206(a)(1)(C).

52. Instead, Nova and Occmed paid Ganz for fewer hours than he actually worked, which caused his regular rate to fall below the statutory minimum wage.

53. For example, Nova and Occmed failed to pay Ganz for travel time to and from facilities during the workday.

54. Additionally, each morning beginning at either 8:30 a.m. or 8:45 a.m., depending on the day, Nova and Occmed required Ganz and other employees to attend mandatory meetings but were not allowed to clock in until 9:00 a.m.

55. If Nova and Occmed classified Ganz as exempt from the minimum wage requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the minimum wage requirements of the FLSA.

56. Nova and Occmed knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, Nova and Occmed willfully violated the minimum wage requirements of the FLSA.

### VI. Count Two—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

57. Ganz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

58. During Ganz's employment with Nova and Occmed, he was a nonexempt employee.

59. As a nonexempt employee, Nova and Occmed was legally obligated to pay Ganz "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

60. Nova and Occmed did not pay Ganz the entirety of all of his hours worked over forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

61. Instead, Nova and Occmed failed to pay Ganz for travel time to and from facilities during the workday.

62. Additionally, each morning beginning at either 8:30 a.m. or 8:45 a.m., depending on the day, Nova and Occmed required Ganz and other employees to attend mandatory meetings but were not allowed to clock in until 9:00 a.m.

63. As a result of these failures, Nova and Occmed did not pay Ganz for all hours worked and overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

64. If Nova and Occmed classified Ganz as exempt from the maximum hour requirements of the FLSA, he was misclassified.

65. As a result of the FLSA violation(s) described above, Nova and Occmed is liable to Ganz for back wages equal to the difference between what the company should have paid and what it actually paid.

## VII. Count Three—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

66. Ganz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67. Nova and Occmed willfully violated the FLSA because they knew or showed a reckless disregard for whether its pay practices were unlawful.

68. During Ganz's employment with Nova and Occmed, the company did not maintain accurate time and pay records for Ganz as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

69. During Ganz's employment with Nova and Occmed, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

70. Nova and Occmed continued the pay practice(s) complained of by Ganz without investigation after being put on notice that the pay practice(s) violated the FLSA.

71. Nova and Occmed has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

72. Prior to this lawsuit, Nova and Occmed conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Ganz.

73. Because Nova and Occmed willfully violated the FLSA, the company is liable to Ganz for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### VIII. Count Four—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

74. Ganz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

75. On information and belief, other employees of Ganz have been victimized by the FLSA violation(s) described above.

76. These employees are similarly situated to Ganz because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

77. Nova and Occmed's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

78. Since Ganz's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

79. For these reasons, Ganz requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All Physical Therapist Assistants employed by Nova and Occmed during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were not paid for all hours worked, including proper overtime pay.

80. Nova and Occmed are liable to Ganz and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

81. Ganz has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## IX.  Count Five—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

82. Ganz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

83. Ganz is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

84. Ganz is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

85. Ganz has retained the professional services of the undersigned attorneys.

86. Ganz has complied with the conditions precedent to recovering attorney's fees and costs.

87. Ganz has incurred or may incur attorney's fees and costs in bringing this lawsuit.

88. The attorney's fees and costs incurred or that may be incurred by Ganz were or are reasonable and necessary.

89. Nova and Occmed are liable to Ganz and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## X. Relief Sought

90. Ganz demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Ganz for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against Nova and Occmed in Ganz's favor both individually and on behalf of the putative class members for all unpaid wages, including overtime compensation, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against Nova and Occmed in Ganz's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: *(signature)*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
Federal Bar No. 968465
curt@mooreandassociates.net
**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Aimara Flores
State Bar No. 24114893
Federal Bar No. 3685633
aimara@mooreandassociates.net